PEOPLE v. LIGGETT.

1. CRIMINAL LAW—BREAKING AND ENTERING—OBJECTION TO TESTI-
   MONY.
       Fact that 1 of 2 defendants in prosecution for breaking and
       entering in the nighttime with intent to commit larceny was
       permitted, without objection, to testify that his brother who
       had not been charged, had not participated in the crime
       did not justify admission of similar testimony with respect
       to appellant over objection (CL 1948, § 750.110).

2. SAME—BREAKING AND ENTERING—INSTRUCTIONS—PREJUDICE.
       Charge to jury in prosecution for breaking and entering in the
       nighttime with intent to commit larceny held, not to have
       been prejudicial, where trial judge, before accepting verdict
       from jury, ascertained from the jury that the charge given
       had not misled the jury in any way as to who testified, who
       did not, and who had been captured by the patrolmen and
       jury positively responded it had not been misled (CL 1948,
       § 750.110).

3. SAME—BREAKING AND ENTERING—COMMENT OF JUDGE.
       Claim that trial judge's statement in his charge to jury in prose-
       cution of appellant and another for breaking and entering in
       the nighttime with intent to commit larceny that a third
       person who had been involved had not been brought to trial
       because he had no record implied that appellant had a crim-
       inal record held, without merit (CL 1948, § 750.110).

Appeal from Recorder's Court; Gillis (Joseph
A.), J. Submitted Division 1 May 13, 1965, at De-
troit. (Docket No. 77.) Decided June 21, 1965.
Leave to appeal granted by Supreme Court Febru-
ary 11, 1966. See 377 Mich 702.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 50.
[2, 3] 13 Am Jur 2d, Burglary § 69.

Lawrence Liggett was convicted of breaking and entering in the nighttime with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Dominick R. Carnovale,* for defendant.

QUINN, P. J.    Defendant-appellant appeals from his conviction on a charge of breaking and entering in the nighttime with intent to commit larceny.* He was tried in Detroit recorder's court before the Honorable Joseph A. Gillis and a jury. He was represented by counsel. A codefendant, Alfred Sanders, was tried at the same time; he testified at trial; Liggett did not. Lester Sanders was involved in the crime but he was not charged. The errors complained of deal with the trial court's refusal to admit certain testimony by Alfred Sanders and portions of the charge to the jury.

After testifying as to his participation in the crime, the following appears in the transcript of the testimony of Alfred Sanders:

"*Q.* You did this on your own, is that correct?
"*A.* Yes, I did.
"*Q.* Did you have any assistance in the perpetration of this offense?
"*A.* No.
"*Q.* Is there anything else you want to say to this jury?
"*A.* Yes, Lawrence Liggett, my brother, he didn't—

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).—REPORTER.

*The Court:* (*interposing*) No, proceed by question and answer.

"*Q.* (*continuing*) Did your brother Lester in any way participate in the commission of this crime?

"*A.* No, he didn't.

"*Q.* Did the defendant Lawrence Liggett in any way participate in the perpetration—

*Mr. Connor:* (*interposing*) I am going to object.

*The Court:* Of course I will sustain the objection. It is a question of fact.

"*Q.* (*continuing*) That is all. You may cross-examine."

The fact that Alfred Sanders was permitted to testify with respect to his brother without objection, did not justify the admission of similar testimony with respect to defendant-appellant over objection. The trial court properly sustained the objection.

There was considerable confusion in the charge with respect to identifying codefendants by their correct names and by referring to Sanders' brother as Liggett's brother, and the prosecuting attorney merely added to the confusion in his attempt to clarify the situation. However, this was not a protracted trial. The entire testimony was completed in less than a day. Before accepting the verdict, Judge Gillis made sure the jury was not misled by this confusion, as follows:

"*The Court:* I may have misspoke myself. I may have gotten confused. However, the jury will remember the testimony and will also remember which one took the stand. Very well, that is all.

(Whereupon the police office in charge of the jury was duly sworn by the court clerk.)

(Whereupon the jury reached a verdict at 10:28 a.m., and a roll call was duly taken by the court clerk.)

*The Court:* Before I take the verdict, I did explain to you that in discussing the case with you in

your final charge, I did get confused by calling Sanders "Liggett". Is that straight in your minds now?

*Jury:* Yes.

*The Court:* You have been concentrating on this. * * * But, before I take your verdict, you know who took the stand and who did not? You remember the circumstances as to who was apprehended by the sergeant and was captured by the two patrolmen?

*Jury:* Yes.

*The Court:* I did not mislead you in any way?

*Jury:* No.

*The Court:* You all agree to that?

*Jury:* Yes.

*The Court:* Proceed in taking a verdict."

Without this, the charge certainly was misleading to the extent a new trial would be required. Appellant's argument that the charge was misleading loses all of its force by the positive response of the jury that they were not misled.

Appellant's final argument that by stating in his charge that one reason Lester Sanders was not brought to trial was because he had no record, Judge Gillis implied that Liggett had a criminal record is without merit.

We find no error. The trial court is affirmed.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.